James M. Maloney
Attorney for Plaintiffs
33 Bayview Avenue
Port Washington, NY 11050
(516) 767-1395

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| HUGHES, HOOKER & CO. AND HUGHES, HOOKER (CORRESPONDENTS) S.A.,<br><br>    Plaintiffs,<br><br>        -against-<br><br>AMERICAN STEAMSHIP OWNERS MUTUAL PROTECTION AND INDEMNITY ASSOCIATION, INC.,  SHIPOWNERS CLAIMS BUREAU, JOSEPH E. M. HUGHES, THOMAS J. MCGOWAN, AND VINCENT J. SOLARINO,<br><br>    Defendants. | 04 CV 1859 (SHS) |

**REPLY MEMORANDUM
IN SUPPORT OF
PLAINTIFFS' CONDITIONAL
CROSS-MOTION**

## TABLE OF CONTENTS

TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

PRELIMINARY STATEMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

ARGUMENT

    SHOULD THIS COURT DETERMINE THAT "LONDON" ARBITRATION IS CALLED FOR AND STAY THE PROCEEDINGS PENDING SAME, IT SHOULD ORDER LIMITED DISCOVERY BEFORE IMPLEMENTING THE STAY . . . . . . . . . . . . . . 1

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

## TABLE OF AUTHORITIES

Cases

*Application of the Republic of Kazakhstan v. Biedermann International*
168 F.3d 880 (5th Cir. 1999) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

*Application of Technostroyexport*
853 F. Supp. 695 (S.D.N.Y. 1994) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*Integrity Insurance Co. v. American Centennial Insurance Co.*
885 F. Supp. 69 (S.D.N.Y. 1995) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*NBC v. Bear Stearns & Co.*
165 F.3d 184 (2d Cir. 1999) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*Nederlandse Erts-Tankersmaatschappij v. Isbrandtsen Company, Inc.*
339 F.2d 440 (2d Cir. 1964) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5


Statutes

28 U.S.C. § 1782 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2-3


Other Authorities

Darnall, Jason F. & Bales, Richard
"Arbitral Discovery of Non-Parties"
2001 J. Disp. Resol. 321 (2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

PRELIMINARY STATEMENT

The plaintiffs submit this reply memorandum in support of their cross-motion for the following contingent relief: should this Court determine that "London" arbitration called for, and should it stay the proceedings pending same as urged by the defendants, plaintiffs respectfully request that this Court first order limited discovery sufficient to enable the plaintiffs to evaluate the monetary value of their claim with greater precision than has heretofore been possible.

ARGUMENT

SHOULD THIS COURT DETERMINE THAT "LONDON"
ARBITRATION IS CALLED FOR AND STAY THE
PROCEEDINGS PENDING SAME, IT SHOULD ORDER
LIMITED DISCOVERY BEFORE IMPLEMENTING THE STAY

In the plaintiffs' conditional cross-motion, it is respectfully urged that, should this Court decide to stay these proceedings in favor of "London" arbitration, that it first order limited discovery sufficient to enable the plaintiffs to evaluate the monetary value of their claim with greater precision than has heretofore been possible. *Cf.* Declaration of Jacek Bielecki dated March 28, 2005, at ¶¶ 24-30, 61.

The question of whether such discovery should be ordered is inextricably intertwined with the question of whether the stay should be granted at all: as discussed in Point I of Plaintiff's Main Brief, the Club's continued refusal to

provide information about registry and premiums that would enable plaintiffs to determine the value of their commissions is a valid reason to deny the stay in the first place.

Defendants cite and quote a passage from a Fifth Circuit case, *Application of the Republic of Kazakhstan v. Biedermann International*, 168 F.3d 880 (5th Cir. 1999) in support of their argument that "plaintiffs are not entitled to discovery here in aid of arbitration in England." Defendants' Reply Brief at 12-13. Defendants fail to note, however, that *Application of the Republic of Kazakhstan* was a case in which parties to a foreign arbitration sought relief from a United States court under the provisions of 28 U.S.C. § 1782, which provides:

> The district court of the district in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal, including criminal investigations conducted before formal accusation. The order may be made pursuant to a letter rogatory issued, or request made, by a foreign or international tribunal or upon the application of any interested person and may direct that the testimony or statement be given, or the document or other thing be produced, before a person appointed by the court.

Here, in sharp contrast, the party seeking discovery is doing so in an action that has been commenced on its merits in the first instance before this Court. It is not a case of an existing foreign arbitration in which a party has approached the court for assistance in ordering discovery.

The Fifth Circuit in *Application of the Republic of Kazakhstan* held that 28 U.S.C. § 1782 "was not intended to authorize resort to United States federal

-2-

courts to assist discovery in private international arbitrations." 168 F.3d at 883. Although the defendants not so indicate in the brief, the Fifth Circuit, in doing so, "elect[ed] to follow the Second Circuit's [then] recent decision" on the same point of law. *Id.* at 881 (citing *NBC v. Bear Stearns & Co.*, 165 F.3d 184 (2d Cir. 1999). However, neither decision is squarely applicable to the situation present here, where the parties are before the Court not merely to seek or oppose discovery in an already-commenced private international arbitration, but, rather, are before the Court in action that has been brought before it in the first instance, and is now urged stayed by the defendants.

Five years before the Second Circuit decided *NBC v. Bear Stearns & Co.*, *supra*, this Court had occasion to examine not only the applicability of 28 U.S.C. § 1782 to foreign arbitrations, but also the scope of a court's discretion in ordering pre-hearing discovery. In *Application of Technostroyexport*, 853 F. Supp. 695 (S.D.N.Y. 1994), this Court not only held that 28 U.S.C. § 1782 *is* applicable to foreign arbitrations (a point of law that was reversed by the Second Circuit in *NBC v. Bear Stearns & Co.*, *supra*), but also engaged in an analysis of the scope of a court's discretion in ordering pre-hearing discovery. The Court found that where pre-hearing discovery was available in the arbitral forums at issue (in that case, Russia and Sweden) there was no need for the parties to "bypass the arbitrators and go directly to court." 853 F. Supp. at 699.

It is submitted that the Second Circuit's overruling of this Court as to the


applicability of § 1782 is irrelevant to the question of the court's *discretion* in ordering pre-hearing discovery where, as here: (1) the question has arisen not in the context of an application to order discovery in connection with an existing arbitration, but, rather, as a condition of imposing a stay; and (2) pre-hearing discovery is *not* available in the proposed arbitral forum.

Nothing in the "Unsworn Reply Declaration of Andrew Taylor" submitted by defendants suggests otherwise, and, as this Court aptly noted at the conference of February 4, 2005, if the defendants are opposed to pre-hearing discovery as a stipulated term in agreeing to London arbitration, which they were,[1] they will certainly be opposed to such discovery in the arbitral proceeding itself.

Significantly, this Court, in *Integrity Insurance Co. v. American Centennial Insurance Co.*, 885 F. Supp. 69 (S.D.N.Y. 1995), in the context of addressing requests for pre-hearing discovery from non-parties, permitted pre-hearing document discovery from non-parties, distinguishing what would be involved in compelling non-parties to submit to depositions from that of ordering non-parties to produce pertinent *documents,* and noting that a document would have to be produced only once, whereas a deposition requiring the non-party's presence might need to be taken on more than one occasion. *Id.* at 73.  See also Jason F. Darnall and Richard Bales, "Arbitral Discovery of Non-Parties," 2001 J. Disp.

---

[1] A true copy of the counter-stipulation proffered to the defendants by the plaintiffs, rejected by the defendants, and produced at the February 4, 2005, conference, is attached as the Appendix hereto.  The Court's attention is respectfully directed to paragraph 3 thereof.


Resol. 321, 327-28 (2001) (commenting on same).

Here, where it as yet not even clear whether the documents necessary to establish the quantum of the claim are under the control of the American Club or of Shipowners Claims Bureau ("SCB") (and where it is disputed whether SCB is even a party to the arbitration agreement), this Court should exercise its sound discretion to order pre-hearing discovery--if indeed it grants the stay sought by the defendants at all.

However, as argued in Plaintiffs' Main Brief, the circumstances inherent in the situation at hand, including a weighing of the *Nederlandse* factors, urge against staying the action in favor of "London" arbitration in the first place.

## CONCLUSION

For all of the foregoing reasons, the defendants' motion should be DENIED, but if it is granted, limited discovery should be ordered before the stay is implemented.

Dated:    April 11, 2005
          Port Washington, New York

                                        Respectfully submitted,

                                        James M. Maloney
                                        33 Bayview Avenue
                                        Port Washington, NY 11050

                                        (516) 767-1395

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| HUGHES, HOOKER & CO. AND HUGHES, HOOKER (CORRESPONDENTS) S.A.,<br><br>    Plaintiffs,<br><br>    -against-<br><br>AMERICAN STEAMSHIP OWNERS MUTUAL PROTECTION AND INDEMNITY ASSOCIATION, INC., SHIPOWNERS CLAIMS BUREAU, JOSEPH E. M. HUGHES, THOMAS J. MCGOWAN, AND VINCENT J. SOLARINO,<br><br>    Defendants. | 04 CV 1859 (SHS)<br><br>**STIPULATION AND ORDER** |

In consideration of the captioned action being stayed as against all Defendants in this action pending the resolution of an arbitration in London between Plaintiffs and Defendant(s) the American Steamship Owners Mutual Protection and Indemnity Association, Inc. (the "American Club") and (subject to the arbitrator's determination as set forth in paragraph 1, below) Shipowners Claims Bureau ("SCB"), it is hereby stipulated and agreed:

    1.    The arbitrator shall in the first instance determine whether SCB is a party to the Agreement of March 26, 1996, and therefore to the arbitration, and all Plaintiffs and Defendants in this action shall be bound by that determination.

    2.    Defendants American Club and/or SCB and/or Joseph E.M. Hughes ("Hughes"), Thomas J. McGowan ("McGowan") and Vincent J. Solarino ("Solarino") agree to appear, to give testimony, and to produce documents in the London arbitration relating to any of the matters set out in the Plaintiffs' First Amended Complaint. Such appearances and document production shall be made subject to the following understandings:

    (a)    The requirement and scope of the appearances, testimony and production of

documents (the disclosure), by Defendants American Club, SCB, Hughes, McGowan and Solarino shall be to the same extent as that available to parties arbitrating or litigating in New York, and any failure to give full and frank disclosure shall entitle the Plaintiffs to seek appropriate orders from the District Court for the Southern District of New York.

    (b)    Defendants Hughes, McGowan and Solarino shall not be parties to the London arbitration, but they shall be subject to the rules and procedures of such arbitration and to the Orders of such arbitrator.

    (c)    Defendants American Club, SCB and Hughes, McGowan and Solarino irrevocably agree to be bound by and to immediately comply fully with the Order(s) of the London arbitrator to the same extent as if each of them were parties to London or New York arbitration.

    3.    The American Club and/or SCB and/or Hughes, McGowan and Solarino shall produce documents and information reasonably required by the Plaintiffs prior to the service of Claim Submissions, to permit the Plaintiffs to particularize the said Claim Submissions arising out of the Agreement of March 26, 1996, including, but not limited to: (a) entries in the American Club of all vessels for P&I and/or FD&D risks and charterers entries, for the years February 20th, 1996/February 20th, 1997 through February 20th, 2003/February 20th, 2004, inclusive; and (b) enumeration of all premiums charged to the said members in respect of same policy years to include all advance, supplementary and release calls for all such P&I, FD&D and Charterers entries.

    4.    All Defendants, to include the American Club, SCB, Hughes, McGowan and Solarino, hereby irrevocably agree that no application for security for their costs shall be made to the arbitrator or to any court, nor shall the Plaintiffs be required to provide such security for costs either in the said arbitration or in connection with any appeal therefrom.

    5.    This Stipulation and Order shall form part of and be incorporated into the said

Agreement of March 25, 1996.

6. The powers of the London arbitrator shall be the same in respect of all matters as if the arbitration were being conducted in New York.

Dated:  February _____, 2005
New York, New York

| NOURSE & BOWLES LLP | JAMES M. MALONEY |
|---|---|
| By: _____ | _____ |
| *Attorneys for Defendants* | *Attorney for Plaintiffs* |
| One Exchange Plaza at 55 Broadway | 33 Bayview Avenue |
| New York, NY 10006-3030 | Port Washington, NY 11050 |
| (212) 952-6200 | (516) 767-1395 |

So ordered this ____ day of _____, 2005

_____
  Sidney H. Stein, U.S.D.J.