NOURSE & BOWLES, LLP
Attorneys for Defendants
One Exchange Plaza
At 55 Broadway
New York, NY 10006-3030
(212) 952-6200

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
Hughes, Hooker & Co. and
Hughes, Hooker (Correspondents) S.A.          :    04 CV 01859 (SHS)

                 Plaintiffs,

- against -

American Steamship Owners Mutual
Protection and Indemnity Association, Inc.
Shipowners Claims Bureau
Joseph E.M. Hughes
Thomas J. McGowan
Vincent J. Solarino

                 Defendants.
-----------------------------------------------------------X

**AFFIDAVIT OF LAWRENCE J. BOWLES
IN SUPPORT OF DEFENDANTS' RENEWED MOTIONS
FOR ORDERS STAYING THIS ACTION
PENDING ARBITRATION IN LONDON**

STATE OF NEW YORK    )
                                  ) ss:
COUNTY OF NEW YORK   )

LAWRENCE J. BOWLES, being duly sworn, deposes and says:

1. I am a member of the bar of the State of New York and a member of the firm of Nourse & Bowles, LLP, attorneys for the defendants in this action: (a) American

Steamship Owners Mutual Protection & Indemnity Association, Inc. (the "American Club", a party to the contract in dispute); and (b) Shipowners Claims Bureau ("SCB"), Joseph E.M. Hughes ("Mr. Hughes"), Thomas McGowan ("Mr. McGowan"), Vincent J. Solarino ("Mr. Solarino"), who are not parties to the contract in dispute (collectively "the non-party defendants"). I am fully familiar with the matters addressed herein.

2. I make this affidavit in support of defendants' renewed Motions for Orders: (A) staying this action against the American Club pending arbitration of those claims in London in accordance with the written arbitration clause contained in the governing agreement with plaintiffs, Hughes Hooker & Co. and Hughes, Hooker (Correspondents) S.A. (attached hereto as Exhibit "1") pursuant to the Federal Arbitration Act, 9 U.S.C. § 1 *et seq*, and (B) staying the remainder of this action as against the non-party defendants pending resolution of the arbitration in London.

3. The defendants make these motions with a full reservation of all of their rights and without waiver of and without prejudice to any of their defenses.

4. The named plaintiffs in the amended complaint are Hughes Hooker & Co., of London, formerly a firm of English Solicitors and Hughes Hooker (Correspondents) S.A., a related entity (collectively "HHC"). Mr. Jacek Bielecki ("Mr. Bielecki"), who formerly was an English solicitor and the former senior partner of Hughes Hooker & Co., Solicitors, asserts he was the sole equity partner of HHC. (Complaint, Exhibit 3A, ¶3)

5. The American Club is a non-profit mutual insurance association which provides marine indemnity insurance to owners and operators of merchant vessels. SCB was and is the manager of the American Club. Mr. Hughes is currently Chairman and Chief Executive Office of SCB and the secretary of the American Club. Mr. Vincent Solarino is currently the President and Chief Operating Officer of SCB. Mr. McGowan was formerly the Chief Executive of SCB and secretary of the American Club. SCB and Messrs. McGowan and Hughes were agents of a disclosed principal, the American Club, and Mr. Solarino was an employee of SCB.

6. HHC and the American Club entered into an Agreement dated March 25, 1996 (the "Agreement") (Exhibit 1), which document speaks for itself. Neither Mr. Bielecki nor SCB, nor Messrs. Hughes, Solarino or McGowan are parties to the Agreement.

7. Under the Agreement, the parties set forth an outline for certain services to be provided by HHC solely to the American Club, "subject always to [the American] Club's direction and control". (Exhibit 1, Clause 2) Nothing in the agreement even suggests that HHC would provide any services to SCB or that SCB would pay for any services. The Agreement also sets forth a general scheme for remuneration to HHC for its services to the American Club, which remuneration "in any event may be reviewed from time to time as required by either party." (Exhibit 1, Clause 3) The Agreement was to last for one probationary year, with the option of being extended for a further period of four years, "save that [the] agreement may be terminated by 3 months notice by either party,

or immediately in the event of gross negligence or other serious breach by either party."

(Exhibit 1, Clause 4)

8. The Agreement includes an arbitration clause which (a) covers all of HHC's claims against the American Club, and moreover, (b) covers the subject matter of all of HHC's claims against the non-party defendants. (Exhibit 1, Clause 5) This clause provides for arbitration at the option of the "defending party" and when exercised becomes binding on the parties and mandatory. Clause 5 reads as follows:

> 5. This Agreement is subject to American or English law and jurisdiction either in arbitration, before a single arbitrator, or before the regular courts, <u>at the option of the defending party</u>.

(Emphasis added)

9. Mr. Bielecki, a trained English solicitor, personally drafted Clause 5 of the Agreement. Please refer to Exhibits 1A, and 1B, his letters dated November 15, 1995 and March 11, 1996 on the stationary of "Hughes Hooker & Co., Solicitors" to defendant McGowan enclosing the draft proposed Agreement which includes the above Clause 5.

10. HHC provided services to the American Club for approximately two years, and was duly compensated therefor. Thereafter, the Agreement was terminated by the American Club pursuant to Clause 4 of the Agreement, following which there was extensive discussion regarding HHC's claims regarding alleged outstanding fees and commissions. These claims were based upon Mr. Bielecki's assertion that he was the "exclusive" agent of the American Club in Greece. The essence of Mr. Bielecki's/HHC's

original complaint in this Court is that HHC was the "exclusive" agent for the American Club in Greece. (Original Complaint, Exhibit 3, ¶11) Indeed, in the original Agreement which Mr. Bielecki drafted, he proposed that HHC be the American Club's "exclusive" agent in Greece. (Clause 1, Exhibits 1A and B) However, the American Club specifically <u>rejected</u> that proposal. (See Mr. McGowan's letter dated March 21, 1996, Exhibit 1C. See also Exhibit C to the amended complaint, pages 140-145.) Paragraph 11 of the amended complaint does not include the exclusive agent assertion of paragraph 11 of the original compliant, but that baseless assertion remains in paragraphs 41, 46 and 84 of the amended complaint, Exhibit 3A.

11. As early as March 27, 2000 Mr. Bielecki was informed that the American Club opted that any disputes between it and HHC be resolved in London arbitration, pursuant to Clause 5 of the Agreement. (Exhibit 2) Mr. Bielecki acknowledged that information in his letter dated 29 March 2000. (Exhibit 2A) Despite that advice, <u>four years</u> later, HHC, initially through Mr. Bielecki, filed this patently vexatious suit against the American Club and the non-party defendants in this Court. Plaintiffs and Mr. Bielecki compounded their improper conduct by filing the amended complaint herein, further unnecessarily increasing defendants' costs in this matter.

12. Until the service of the original complaint (Exhibit 3) in April 2004, the American Club had not heard from Mr. Bielecki or HHC since about October 2000 and believed it had satisfactorily resolved HHC's claims.

13. HHC purports to sue not only the American Club, but also SCB, the manager of the American Club and past and present officers of SCB, all agents of a disclosed principal. In paragraph 11 of the Amended Complaint (Exhibit 3A), HHC asserts that SCB was a party to the contract, although no signature on behalf of SCB appears therein and indeed, a place for SCB's signature in the Agreement is crossed out. (Exhibit 1, last page)

14. Each cause of action is brought against all of the defendants collectively, and each cause of action is brought solely with respect to the services allegedly performed by HHC to the American Club under of the Agreement between them. Thus, each and every claim herein touches matters which fall within the purview of the arbitration agreement.

15. Plaintiffs do not assert a single separate or independent cause of action against any of the individual non-party defendants, SCB or Messrs. Hughes, Solarino and McGowan. Nor does plaintiff assert any claim not arising under the Agreement.

16. Among the causes of action in the complaint are (unsupported) allegations of fraud, all of which refer to the non party defendants' refusals on behalf of the American Club to pay additional commissions to HHC for business he did not bring to the American Club. (Those refusals, as will be shown in London arbitration, were fully justified as Mr. Bielecki was <u>not</u> the American Club's exclusive agent in Greece and was <u>not</u> entitled to any commission for business he did <u>not</u> bring to the American Club.) Plaintiffs do not assert that the arbitration clause itself was fraudulently induced. Indeed,

6

they cannot do so as Mr. Bielecki personally drafted Clause 5 and proposed it to the American Club.

17. After service of the original complaint, and by letter dated April 26, 2004 (Exhibit 4), the American Club as the "defending party" properly and timely exercised its option under Clause 5 of the Agreement and demanded arbitration in London of HHC's claims.

18. Mr. Bielecki, on behalf of plaintiffs, by letter dated April 30, 2004 rejected the American Club's demand for arbitration in London. (Exhibit 5) Accordingly, the only thing delaying the commencement of that arbitration is plaintiffs' calculated intransigence.

19. Attached hereto as Exhibit 6 is a copy of an unpublished decision in an analogous case dated May 6, 2004 of <u>Sea Trade Maritime Corp. v. Hellenic Mutual War Risks Assoc. (Bermuda) Ltd.</u> in which the Supreme Court of the State of New York Appellate Division, First Department affirmed orders which granted a stay of the action (a) pending resolution of a contracted for London arbitration proceeding between the plaintiff and Hellenic and (b) with respect to all parties, even those not contractually bound by the arbitration clause, "since the claims asserted by plaintiff against reinsurers, reinsurance brokers, their directors and employees and derivative claims 'arising out of or in connection with' the contract of insurance and thus fall within the ambit of the arbitration provision."

20. To meet the concerns raised by plaintiffs as to obtaining discovery in London from the defendants other than the American Club, the defendants resubmit the stipulation attached hereto as Exhibit 7, the primary terms of which were suggested by this Honorable Court.

21. Defendants' motions were renewed following the filing of plaintiffs' amended compliant herein.

22. I respectfully submit that plaintiffs have commenced this action improperly for the sole purpose of multiplying the proceedings herein, thereby increasing the Club's costs, and otherwise attempting to obtain tactical advantages which might not be available in the agreed forum for resolution of this dispute, i.e., London arbitration.

23. Defendants' costs to date in opposing Mr. Bielecki's/HHC's improper and unnecessary pleadings/arguments exceed $35,000.

24. I respectfully submit that Defendants' motions to stay this action pending arbitration in London should be granted and that Mr. Bielecki/HHC should be ordered to pay all of the defendants' costs in opposing plaintiffs' frivolous pleadings and arguments. The total cost can be quantified immediately after this Honorable Court renders its decision.

_____
Lawrence J. Bowles (LB 5950)

Sworn to before me this
28th day of February 2005

*[signature]*
Notary Public

JANE COLASURDO
Notary Public, State Of New York
No. 31-4786002
Qualified In New York County
Commission Expires April 30, 2007