# EXHIBIT 2

American Steamship Owners Mutual Protection and Indemnity Association, Inc.



| | | |
|---|---|---|
| Shipowners Claims Bureau, Inc., Manager | Main | +1 212-269-2350 or 908-2400 |
| Five Hanover Square - 20th Floor | Direct Dial | +1 212-908-2442 |
| New York, New York 10004-2698 | Reply Fax | +1 212-809-9879 or 825-1391 |
| U.S.A. | Telex | 222091 SHIPOCBR |
| | E-Mail | jhughes@american-club.net |

# TELEFAX

**To:** Mr. Jacek M. Bielecki  **From:** Joseph E.M. Hughes

**Company:** Hughes Hooker & Co. – London

**Fax:** +44-171-726 2010  **Date:** March 27, 2000

**Re:** Agreement dated March 25, 1996

**Pages:** 1 (In total)  **cc:**

*PLEASE NOTE the information contained in this telefax is strictly confidential and for the use of the addressee only.*

Dear Jacek:

Thank you for your March 24 fax, which arrived while I was away from the office for a long weekend holiday. Since we will be meeting on 29 March, I will confine this reply to the first two points you make. Perhaps the others may be more usefully discussed when we meet.

1. The "point" of the provision for termination on 3-months notice vis-a-vis the four year period is that, without the 3-months provision, the agreement would simply have expired of its own force at the end of the four years without further action by either party, but the 3-months provision entitled either party to terminate at any time during the four years by giving the requisite notice. We think that is very clear.

2. If you choose to litigate in New York, the Club, as the defending party, would be entitled to, and would, move to dismiss or to stay the action in favor of English law and arbitration in accordance with its rights under the agreement. We believe such a motion would be granted. As authority we refer to such statutes and cases as: 9 U.S.C. Secs. 1-16 201-208; Dean Witter Reynolds Inc. v. Byrd, 470 U.S. 213 (1985); Moses H. Cone Mem. Hosp. v. Mercury Constr. Corp., 460 U.S. 1 (1983); Scherk v. Alberto Culver Co., 417 U.S. 506 (1974); Mitsubishi Motors v. Soler Chrysler Plymouth, Inc., 473 U.S. 614 (1985); Carnival Cruise Lines, Inc. v. Shute, 499 U.S. 585 (1991) (enforcing forum selection clause); Dale Metals Corp. v. Kiwa Chem. Industry Co., Ltd., 442 F.Supp. 78 (S.D.N.Y. 1977); CPLR Secs 7501 et seq.; Flanagan v. Prudential-Bache Securities, 67 N.Y. 2d 500 (1986); Singer v. Jeffries, 78 N.Y. 2d 176 (1991). If you are aware of any material contrary authority, please advise, as we would be happy to examine it.

Again, I hope that our planned meeting will result in an amicable resolution.

Yours very truly,

Joseph E.M. Hughes

VAPS:JEMH/JMBIELECKI/FEB-CANCELLATION