Attachment to Defendants' Reply
Memorandum of Law
*(Reply Declaration of Andrew Taylor
dated July 14, 2004)*

NOURSE & BOWLES, LLP
Attorneys for Defendants
One Exchange Plaza
At 55 Broadway
New York, NY 10006-3030
(212) 952-6200

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X

| | | |
|---|---|---|
| Jacek Bielecki, | : | |
| | : | |
| Plaintiff, | : | 04 Civ. 01859 (SHS) |
| | : | |
| - against - | : | UNSWORN REPLY DECLARATION OF |
| | : | ANDREW TAYLOR IN SUPPORT OF |
| American Steamship Owners Mutual | : | DEFENDANTS' MOTIONS TO STAY |
| Protection and Indemnity Association, Inc. | : | LITIGATION PENDING ARBITRATION |
| Shipowners Claims Bureau | : | IN LONDON AND IN OPPOSITION TO |
| Joseph E.M. Hughes | : | CROSS MOTION FOR DECLARATORY |
| Thomas J. McGowan | : | RELIEF |
| Vincent J. Solarino | : | |
| | : | |
| Defendants. | : | |

-------------------------------------------------------X

Andrew Taylor hereby declares pursuant to 28 U.S.C. §1746 and under penalty of

perjury that the following is true:

1. I am a partner in the firm of Richards Butler, London, solicitors for defendant,

the American Steamship Owners Mutual Protection and Indemnity Association, Inc.

2. I have been provided with a copy of Mr. Bielecki's affidavit dated 30th June

2004 and now make this Declaration to reply to certain statements and opinions

contained therein concerning the procedure for commencement of London arbitration.

3.  As Mr. Bielecki correctly states, an arbitration in London would be governed by the provisions of the Arbitration Act 1996.  However, I would disagree with the suggestion that commencement of arbitration is a difficult process in circumstances where a defendant takes no active steps.

Section 14(4) of the Arbitration Act provides that for the purposes of Part I of the Act (governing arbitration pursuant to an arbitration agreement), arbitration is commenced in the following way:

> "Where the arbitrator or arbitrators are to be appointed by the parties, arbitral proceedings are commenced in respect of a matter when one party serves on the other party or parties notice in writing requiring him or them to appoint an arbitrator or to agree to the appointment of an arbitrator in respect of that matter."

All that is required to commence arbitration is service of a notice in writing.  No special form of document is required.  Arbitration is commonly commenced by straightforward letter or fax, and certainly no co-operation, or indeed any steps, are required of the defendant.  It is not normal for a defendant to initiate arbitration proceedings himself.

4.  It is correct to say that, because the contract in this case provides for a single arbitrator, that arbitrator must either be agreed by the parties or appointed by the Court. Section 16(3) of the Act provides:

> "If the tribunal is to consist of a sole arbitrator, the parties shall jointly appoint the arbitrator not later than 28 days after service of a request in writing by either party to do so."

2

The normal procedure is for the claimant to suggest one or more arbitrators acceptable to him when serving the notice of commencement of arbitration under Section 14(4) above.    Again, no co-operation is required from the defendant in order for the claimant to serve that notice.  The defendant then normally agrees on an arbitrator or reverts with a list of his own.  Only in the rare instances where an arbitrator cannot be agreed upon or appointed within 28 days will the Court's powers under Section 18 to direct the appointment of the arbitrator become relevant.

5.  If it is necessary to have the Court appoint the arbitrator pursuant to Section 18, the procedure is less onerous than Mr. Bielecki suggests.    It involves a straightforward application to Court which can be decided within a few weeks at the outside, once served.  The hearing of the application would itself normally last less than one hour.  The cost of the application would not normally exceed £2-3,000, even allowing for the extra cost of serving the application out of the jurisdiction.  In the meantime, there would be nothing to stop Mr. Bielecki from preparing and serving his arbitration claim submissions and supporting material on the defendant pending the appointment of the arbitrator.  Directions for further steps and the timetable for the arbitration would, in default of any agreement by the parties, be made by the arbitrator after his appointment.

Andrew Taylor

3