James M. Maloney (JM-5297)
Attorney for Plaintiffs
33 Bayview Avenue
Port Washington, NY 11050
(516) 767-1395

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| HUGHES, HOOKER & CO. AND HUGHES, HOOKER (CORRESPONDENTS) S.A., <br><br>    Plaintiffs, <br><br>    -against- <br><br> AMERICAN STEAMSHIP OWNERS MUTUAL PROTECTION AND INDEMNITY ASSOCIATION, INC.,  SHIPOWNERS CLAIMS BUREAU, JOSEPH E. M. HUGHES, THOMAS J. MCGOWAN, AND VINCENT J. SOLARINO, <br><br>    Defendants. | 04 CV 1859 (SHS) |

**MEMORANDUM OF LAW**

**IN SUPPORT OF PLAINTIFFS' APPLICATION
FOR ENTRY OF PARTIAL FINAL JUDGMENT
PURSUANT TO RULE 54(b) OF THE
FEDERAL RULES OF CIVIL PROCEDURE**

## STATEMENT OF FACTS

A more detailed statement of facts that are relevant to this application, and exhibits, are contained in or annexed to the Declaration of Jacek Bielecki submitted herewith ("Bielecki Dec.").

Briefly, this Court, in its prior Opinion and Order dated June 9, 2005, staying the proceedings in this matter and directing Plaintiffs to arbitrate in England, noted that "defendants have requested that the Court award them their costs in responding to what they characterize as a patently vexatious lawsuit and redundant motion practice," *id.* at 12, and denied Defendants' requests for costs, attorneys fees and sanctions.

Defendants have now made a counterclaim in the English arbitration for $59,950.79 for the very same costs, attorneys fees and sanctions that this Court denied, and have obtained an *ex parte* injunction against Plaintiffs from an English court to secure that and other counterclaims. This blatantly disregards the authority of this Court.

## ARGUMENT

As the Second Circuit has explained, in order to have a final judgment under Rule 54(b), the following elements must be satisfied: (1) multiple claims or multiple parties must be present, (2) at least one claim, or the rights and liabilities of at least one party, must be finally decided within the meaning of 28 U.S.C. § 1291, and (3) the district court must make "an express determination

that there is no just reason for delay" and expressly direct the clerk to enter judgment. *Ginett v. Computer Task Group, Inc.*, 962 F.2d 1085, 1091 (2d Cir. 1992).

Here, element (1) is satisfied because multiple claims and multiple parties must be present. Element (2) is satisfied because the denial of costs, attorneys fees and sanctions by this Court in its Opinion and Order dated June 9, 2005, was intended to be final as to that claim made by Defendants.

In *Ginett*, the Second Circuit went on to explain:

> If the decision "ends the litigation [of that claim] on the merits and leaves nothing for the court to do but execute the judgment" entered on that claim, then the decision is final. *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 467, 98 S.Ct. 2454, 2457, 57 L.Ed.2d 351 (1978) (quoting *Catlin v. United States*, 324 U.S. 229, 233, 65 S.Ct. 631, 633, 89 L.Ed. 911 (1945)).

*Id.* at 1092 (bracketed text in original).

Under this test, this Court's denial of costs, attorneys fees and sanctions in its Opinion and Order dated June 9, 2005, ended the litigation on that claim by Defendants for such costs, attorneys fees and sanctions. Since no thin was awarded, a judgment would ordinarily be unnecessary, but given that Defendants have now raised the same claim, as a counterclaim in the English arbitration in the amount of $59,950.79 (*see, e.g.*, Exhibit 2 to the Bielecki Dec., Defence Submissions, at pages 11-12 thereof), such judgment is appropriate and necessary in order to protect Plaintiffs from a foreign award contrary to the Order of this Court.

Finally, turning to the third element set forth in *Ginett*, i.e., that the district court must make "an express determination that there is no just reason for delay," it is respectfully submitted that the facts here make the need to avoid delay of entry of partial judgment in the interest of justice self-evident.

As the Northern District of New York has explained:

> To avoid "the danger of hardship and the denial of justice through delay if each issue must await the determination of all issues as to all parties before a final judgment can be had" and an appeal taken, the Federal Rules of Civil Procedure permit the entry of, and thus an appeal from, a partial final judgment. *Dickinson v. Petroleum Conversion Corp.*, 338 U.S. 507, 511-12, 70 S.Ct. 322, 94 L.Ed. 299 (1950). Pursuant to Rule 54(b), a district court "may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment." Fed.R.Civ.P. 54(b).

*Niagara Mohawk Power Corp. v. Consolidated Rail Corp.*, 306 F. Supp. 2d 282, 284 (N.D.N.Y. 2004) (citing *Ginett, supra*).

Here, failure to enter judgment on the denial of costs, attorneys fees and sanctions already made in this Court's Opinion and Order dated June 9, 2005, would result in "the denial of justice through delay" and, even more egregiously, would allow Defendants to disregard a prior Order of this Court. Given that Defendants have attempted to do just that, it is respectfully submitted that Plaintiffs should be awarded reasonable attorney's fees for having made this application on an urgent basis.

## CONCLUSION

For all of the foregoing reasons, this Court should: (1) enter partial final judgment on behalf of the Plaintiffs, denying costs and fees to Defendants as per this Court's Opinion and Order dated June 9, 2005; (2) award Plaintiffs reasonable attorney's fees incurred in making this application; and (3) grant such other, further, and different relief as this Court may deem just and proper.

Dated:   March 28, 2006
         Port Washington, New York

                                           Respectfully submitted,

                                           James M. Maloney (JM-5297)
                                           33 Bayview Avenue
                                           Port Washington, NY 11050

                                           (516) 767-1395
                                           maritimelaw@nyu.edu