James M. Maloney (JM-5297)
Attorney for Plaintiffs
33 Bayview Avenue
Port Washington, NY 11050
(516) 767-1395

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

HUGHES, HOOKER & CO. AND
HUGHES, HOOKER (CORRESPONDENTS) S.A.,

       Plaintiffs,

          -against-

AMERICAN STEAMSHIP OWNERS MUTUAL
PROTECTION AND INDEMNITY ASSOCIATION,
INC.,   SHIPOWNERS CLAIMS BUREAU,
JOSEPH E. M. HUGHES, THOMAS J. MCGOWAN,
AND VINCENT J. SOLARINO,

       Defendants.

04 CV 1859 (SHS)

# REPLY MEMORANDUM OF LAW

## IN SUPPORT OF PLAINTIFFS' APPLICATION
## FOR ENTRY OF PARTIAL FINAL JUDGMENT
## PURSUANT TO RULE 54(b) OF THE
## FEDERAL RULES OF CIVIL PROCEDURE

PRELIMINARY STATEMENT

Defendants argue: (a) that the counterclaim in the English arbitration for $59,950.79 in costs and attorneys' fees that this Court denied may properly be sought in England because they are being sought as "damages"; and (b) that partial final judgment under Rule 54(b) is inappropriate under the circumstances present here.

Before addressing each of these arguments, a few important factual points should be highlighted.

First and foremost, Defendants' counterclaims in the English arbitration include not only the $59,950.79 in costs and attorneys' fees that this Court denied, but also, *inter alia*, a counterclaim in the amount of $398,712.02 for reimbursement of monies previously paid under the agreement, based on the argument that the agreement at issue in this case (the very agreement relied on to compel English arbitration) was void *ab initio*. *See* Exhibit 2 to the Bielecki Dec., Defence Submissions, at paragraph 64 thereof. Paradoxically, Defendants argue before *this* Court that the $59,950.79 in costs and attorneys' fees that this Court denied may properly be awarded in the arbitration as "damages" arising out of that agreement, stating specifically that "when a party has agreed to litigate or arbitrate a claim in a particular forum and that party sues elsewhere, that constitutes a breach of contract and damages may be awarded under English law for that breach which includes legal costs to seek a stay of the improperly commenced litigation." Answering Memorandum of Law at page 6. Thus, out

of one side of their mouths Defendants argue that they may revisit the denial of attorneys' fees as an element of damages under the agreement, but out of the other side of their mouths they argue that the agreement itself was void *ab initio*, compelling reimbursement of any monies paid to Plaintiffs under it.

Further, the costs and attorneys' fees that this Court denied were as to all Defendants in this action, whereas the Defendants maintain their position that the only party subject to arbitration is the American Club, and indeed this Court's Opinion and Order of June 9, 2005, directed Plaintiffs "to proceed with arbitration *against the American Club* in England." Exhibit 1 to the Bielecki Dec. at page 13 (emphasis added). There is no indication whatsoever that the $59,950.79 in costs and attorneys' fees now being sought in the arbitration has been prorated to reflect only the American Club's share. Thus, the "damages" of all Defendants are being sought in the American Club's counterclaim.

Finally, the arbitrator was appointed, following this Court's Opinion and Order of June 9, 2005, to resolve "disputes" between the parties to the agreement. Given that any dispute as to attorney's fees incurred by any Defendants who were parties to the agreement had already been resolved by this Court in the very same Opinion and Order that compelled the arbitration, it strains credulity to posit, as Defendants have done, that the costs and attorneys' fees that this Court denied were among the "disputes" to be submitted to the English arbitrator.

In sum, revisiting of the denial of costs and attorneys' fees is improper.

ARGUMENT IN REPLY

In opposing the entry of partial final judgment as to the denial of attorneys'
fees, Defendants argue: (i) that this Court's denial of attorneys' fees "in no way
impl[ies] that a claim for these same attorneys' fees may not be asserted as
damages under English law in the London arbitration" (Answering Memorandum
of Law at page 6); (ii) that such "damages" may properly be awarded under
English law (pages 6-9); (iii) that "the attorneys' fees which form the subject of
Plaintiffs' motion are plainly subject to arbitration" (page 13); and (iv) that Rule
54(b) may not be invoked for the purposes sought by Plaintiff (pages 13-16). In
that the crux of the matter relates to the last point, this memorandum will begin
there.

### *Entry of partial final judgment under Rule 54(b) is proper.*

Defendants directly cite no case law for their general proposition that "an
order for a collateral issue . . . cannot be a judgment under Rule 54(b)," instead
relying on <u>Moore's</u> and, indirectly, on a 1989 Fifth Circuit decision (*Shipes v.
Trinity Industries Inc.*, 883 F.2d 339) that related to an award of interim attorney
fees. Answering Memorandum of Law at 15.

But an award of interim attorneys' fees obviously differs markedly in
terms of its finality--and therefore of its appealability and susceptibility of Rule
54(b) entry--from a final denial of attorneys' fees as to all litigation up to the
point at which an action was ordered stayed pending arbitration, as was the case

here.  As the Second Circuit wrote, in a case dealing with the 28 U.S.C. § 1291

"finality" issue:

> Although the plaintiffs' claim for attorney's fees is separate
> from their claims on the merits, see *White v. New Hampshire
> Department of Employment Security*, 455 U.S. 445, 102 S.Ct. 1162,
> 71 L.Ed.2d 325 (1982) (final award of attorney's fees independent
> of final judgment), the October Order does not determine the claim
> for attorney's fees with finality.  To date, only interim fees have
> been awarded.  It is entirely possible that the district court will
> award further interim fees during the course of the district court
> proceeding, and it may adjust all of these in its final award.

*Hastings v. Maine-Endwell Central School District*, 676 F.2d 893, 896 (2d Cir.

1982).

As the Second Circuit has explained elsewhere, in order to have a final

judgment under Rule 54(b), the following elements must be satisfied: (1)

multiple claims *or* multiple parties must be present (it is important to note that

the disjunctive is used), (2) at least one claim, or the rights and liabilities of at

least one party, must be finally decided within the meaning of 28 U.S.C. § 1291,

and (3) the district court must make "an express determination that there is no

just reason for delay" and expressly direct the clerk to enter judgment.  *Ginett v.*

*Computer Task Group, Inc.*, 962 F.2d 1085, 1091 (2d Cir. 1992).

Here, element (2) (finality) is satisfied because the denial of costs,

attorneys fees and sanctions by this Court in its Opinion and Order dated June 9,

2005, was intended to be final as to that claim made by Defendants.  Unlike the

*Hastings* case, the decision was not an interim award of attorney's fees that

would be subject to later adjustment.

In *Ginett*, the Second Circuit went on to explain:

> If the decision "ends the litigation [of that claim] on the merits and leaves nothing for the court to do but execute the judgment" entered on that claim, then the decision is final. *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 467, 98 S.Ct. 2454, 2457, 57 L.Ed.2d 351 (1978) (quoting *Catlin v. United States*, 324 U.S. 229, 233, 65 S.Ct. 631, 633, 89 L.Ed. 911 (1945)).

*Id.* at 1092 (bracketed text in original).

Under this test, this Court's denial of costs and attorneys' fees in its Opinion and Order dated June 9, 2005, ended the litigation on that claim by the Defendants.

As the Second Circuit noted in *Hastings*, the Supreme Court's then-recent decision in *White v. New Hampshire Department of Employment Security*, 455 U.S. 445 (1982), stands for the proposition that a final award of attorney's fees is independent of any final judgment on the main claim. In *White*, which involved a separate claim for statutorily provided attorneys' fees sought well after judgment on the main claim had been entered, the Court rejected the argument that both the main claim and the fees claim must necessarily proceed on the same appellate track. At the end of its opinion, the Court commented that "the district courts generally can avoid piecemeal appeals by promptly hearing and deciding claims to attorney's fees. Such practice normally will permit appeals from fee awards to be considered together with any appeal from a final judgment on the merits." 455 U.S. at 454. Thus, the Court implicitly recognized that a judgment relating to attorneys' fees may indeed proceed on a separate appellate track, but

noted that this would likely be the exception rather than the norm because ordinarily courts could fashion their rulings so as to avoid piecemeal appellate practice.  Here, however, there is every reason for this Court to hold that its ruling may be converted into a final judgment, for here the denial of fees was final as to all litigation that had gone before, and coincided with the conclusion of a dispositive stage of the litigation, i.e., the ordering of arbitration and staying of the action pending arbitration.

As the Second Circuit has explained more recently, in *L.B. Foster Company v. America Piles, Inc.*, 138 F.3d 81 (2d Cir. 1998), "[r]espect for the historic federal policy against piecemeal appeals requires that [Rule 54(b)]certification not be granted routinely, [and the] power should be used only in the infrequent harsh case where there exists some danger of hardship or injustice through delay . . ." *Id.* at 86 (citations and internal quotation marks omitted).  Ultimately, however, "[t]he determination of whether there is no just reason to delay entry of a final judgment is a matter committed to the sound discretion of the district court."  *Id.*  Finally, "[w]here the court has directed the entry of final judgment as to claims that are separable from and independent of the unresolved claims, and has provided an informative explanation, its conclusion that there is no just reason for delay is entitled to substantial deference."  *Id.* at 86-87 (citations and internal quotation marks omitted).

It is submitted that here, where Plaintiffs' assets have been frozen to accommodate a logically unsound and already-adjudicated "counterclaim," this

Court is presented with a prime example of "the infrequent harsh case where there exists some danger of hardship or injustice through delay," and there is no just reason for delay of entry of final judgment as to the denial of an award of costs and attorneys' fees that has already been decided by this Court.

*Attorneys' fees as "damages" may not be awardable where they were denied.*

At Point II of their Answering Memorandum of Law, beginning at page 6, Defendants argue that the English arbitrator may properly award the attorneys' fees incurred in connection with this action as "damages." Aside from the infirmities already discussed herein at pages 2-3, *supra* (i.e., the logical inconsistency of seeking 'damages" under an agreement that Defendants claim is void *ab initio*, the failure to prorate the American Club's share, and the lack of "dispute" on the issue at the time of submission to the arbitrator), the very case that Defendants cite stands for the proposition that an element for such an award of "damages" is that "[t]he foreign forum made no adjudication as to costs." At paragraph 18 (iv) of the decision in *Union Discount Company Ltd. and Robert Zoller Orrs*, which Defendants annex as Exhibit D to the Parton Declaration, the English Court expressly notes that the element of non-adjudication of costs by the foreign (New York) court was one of the "unusual features" present in that case that led to its decision. Later, at paragraph 26, it is further noted that, since there was no adjudication as to costs in the New York action, *res judicata* considerations did not apply. It is respectfully submitted that *Union Discount Company Ltd. and Robert Zoller Orrs*, while a bit ambiguous as to whether the

*res judicata* aspect was or was not *dicta*, does not in any way support Defendants' arguments made before this Court. Indeed, if the *res judicata* element is a "gray area" and the decision of the arbitrator may turn on the question of whether this Court's decision was in the form of an order or a judgment, that is all the more reason for this Court to solidify its prior decision as to the denial of attorneys' fees in this litigation up to the point where the action was stayed and arbitration ordered.

American courts generally do not consider attorneys' fees an element of "damages," *see, e.g., Summit Valley Industries, Inc. v. Local 112, United Brotherhood of Carpenters and Joiners of America*, 456 U.S. 7171 (1982), but, as shown above, it is within the discretion of this Court to cause its earlier decision on Defendants' claim for attorneys' fees to be entered as a partial final judgment under Rule 54(b). To do otherwise, and to allow this claim for "damages" to remain viable in the English arbitration, would be to reward Defendants for disingenuous argument, "double-talk," and blatant disrespect for this Court's authority. *Cf. U.S. Titan, Inc. v. Guangzhou Zhen Hua Shipping Co., Ltd.*, 2003 WL 23309445, 2003 A.M.C. 2773 (S.D.N.Y. Sept. 26, 2003) (not reported in F. Supp. 2d) (holding a party in contempt for revisiting the substance of the American court's order before an English court in the context of an order to arbitrate made by the American court).

CONCLUSION

For all of the foregoing reasons, this Court should: (1) order entry of partial final judgment on behalf of the Plaintiffs, denying costs and fees to Defendants as per this Court's Opinion and Order dated June 9, 2005; (2) award Plaintiffs reasonable attorney's fees incurred in making this application; and (3) grant such other, further, and different relief as this Court may deem just and proper.

A draft form of judgment is attached hereto.


Dated:       April 12, 2006
             Port Washington, New York


                                        Respectfully submitted,


                                        _____/s/_____

                                        James M. Maloney (JM-5297)
                                        33 Bayview Avenue
                                        Port Washington, NY 11050

                                        (516) 767-1395
                                        maritimelaw@nyu.edu